**Electronically Filed
Intermediate Court of Appeals
28664
31-MAY-2012
08:28 AM**

NO. 28664 & 28898

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NO. 28664
JOYE C. ROMERO, now know as JOYE C. HANABUSA,
Plaintiff-Appellant,
v.
DANIEL L. ROMERO, Defendant-Appellee

AND

NO. 28898
JOYE C. ROMERO, Plaintiff-Appellee, v.
DANIEL L. ROMERO, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 98-1283)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

In appeal no. 28664, Plaintiff-Appellant Joye C.

Romero, now known as Joye C. Hanabusa ("Joye"), appeals from the

June 22, 2007 Decision Granting in Part and Denying in Part

Defendant's Motions for Relief Filed Herein on February 27, 2007

and May 23, 2007 ("Decision") of the Family Court of the First

Circuit ("Family Court") which granted the prospective portion

and denied the retroactive portion of Defendant-Appellee Daniel

L. Romero's ("Daniel") motions for post-decree relief.[1]  In

---

[1]    The Decision granted Daniel's request to amend the formula used to
determine the allocation of Daniel's military pension incorporated in the
Qualified Domestic Relations Order ("QDRO").  Furthermore, the Decision denied
Daniel's request for the return of what was alleged to be a $13,063.35
overpayment pursuant to the unamended QDRO formula.

appeal no. 28898, Daniel appeals from a subsequent November 9, 2007 Order ("Order") of the Family Court[2/] that awarded Joye $22,320 as reimbursement for payments that she made on the parties' mortgage pursuant to an agreement between the parties. The appeals were consolidated under appeal no. 28664 by order of this court on October 31, 2011.

On appeal, Joye contends that the Family Court erred in: (1) granting (in part) Daniel's May 23, 2007 Post-Decree Motion for Relief because the motion was untimely filed under Hawaiʻi Family Court Rules ("HFCR") Rule 60(b); and (2) taking judicial notice of Exhibits CC, EE, FF and GG attached to Daniel's May 23, 2007 Post-Decree Motion for Relief because the attachments contained disputed adjudicative facts not otherwise established through testimony. Daniel contends that the Family Court erred in: (3) finding that an agreement existed between Daniel and Joye that (a) allowed Joye to make the payments on the second mortgage without relieving Daniel of the debts associated with the parties' marital residence (the "Property"), (b) awarded Joye full ownership of the Property, and (c) required Daniel to sign a quitclaim deed without relief from debt obligations; and (4) finding that Daniel filed his motion to compel the sale of the Property in response to Joye's motion for reimbursement.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Decision and the Order and resolve the parties' points

---

[2/] The Honorable Nancy Ryan entered both the Decision and the Order.

2

of error as follows.

We begin by addressing Joye's points of error:

(1) Joye and Daniel were divorced upon entry of the Decree Granting Divorce and Awarding Child Custody, filed April 4, 2000 ("Decree"). The Decree provided that the parties were to submit any QDRO(s) necessary to effectuate the distribution of the parties' pension benefits pursuant to the formula recognized in *Linson v. Linson*, 1 Haw. App. 272, 618 P.2d 748 (1980). On May 13, 2002, the Family Court entered a QDRO in substantially the same form as it was submitted by Joye to divide Daniel's military pension benefit. Paragraph 6.b of the May 13, 2002 QDRO states that "[t]he Service Member has served in the United States Armed Forces since August 14, 1972, with a service period of twenty-four (24) years overlapping marriage, during which time the Service Member performed creditable military service in the United States Air Force." Furthermore, although the QDRO purported to reflect the stipulation of the parties, Daniel's signature was not included on the document.

Daniel's February 27, 2007 Post-Decree Motion for Relief sought to modify the May 13, 2002 QDRO. The motion, brought pursuant to HFCR Rule 7, referred to information received by Daniel from the Department of the Air Force in a letter dated June 14, 2005 ("June 14, 2005 Letter") that explained, among other things, that during the period that Joye and Daniel were married, Daniel had completed just over eighteen years of active service. That information conflicted with the statement in paragraph 6.b of the QDRO.

Joye objected, contending that Rule 7 motions were

3

"intended to enforce compliance with existing Orders," or "to subsequently modify ongoing Orders . . . when, due to 'material changes in circumstances,' compliance is no longer feasible." The Family Court appears to have agreed with Joye, ordering Daniel to "file a Rule 60(b) motion or a motion pursuant to any other legal authority." On May 23, 2007, Daniel renewed his motion under HFCR Rule 60.[3]

In its Decision, the Family Court held that the May 13, 2002 QDRO "is based upon an inaccurate [Linson] formula which misstates the length of the marriage and months of service creditable for retirement." Furthermore, the Family Court held that the QDRO "inaccurately states . . . that 'the parties have stipulated that the court shall enter this order[.]'" Joye does not contest the merits of Daniel's claim, but contends that Daniel's motion to correct the formula was untimely under HFCR Rule 60(b) because it was filed approximately twenty months after Daniel received the June 14, 2005 Letter.

The re-casting of Daniel's motion under Rule 60(b) does not determine its legitimacy. "[I]t is the substance of the pleading that controls, not its nomenclature." *Anderson v. Oceanic Props.*, 3 Haw. App. 350, 355, 650 P.2d 612, 617 (1982) (citation omitted). The QDRO itself envisions an amendment process to be initiated in the form of an enforcement proceeding, providing that any amended order "shall be deemed to be in the

---

[3] In his memorandum in support of his May 23, 2007 Post-Decree Motion for Relief, Daniel contends that the correct amount of credible service time (overlapping marriage and service time) was 217 months rather than 288 months (24 years x 12 months) as calculated using the information contained in Paragraph 6.b of the QDRO.

nature of enforcement proceedings."[4/]

We previously observed that the QDRO here is "merely a collateral enforcement device that will implement the substantive rulings that are already within the [Decision]." *Romero v. Romero*, No. 28664, 2007 WL 4329492, at \*3 (Hawai'i Ct. App. Dec. 12, 2007) (Order). Furthermore, the QDRO explicitly states that the Family Court retains continuing jurisdiction over the service member's military retired/retainer pay "for so long as the parties both are alive." The Family Court retained the authority to make "every just and equitable order not inconsistent with the other provisions herein[.]" As a result, Daniel's motion was properly brought as a motion to enforce under HFCR Rule 7. *See Torres v. Torres*, 100 Hawai'i 397, 60 P.3d 798 (2002).

By its terms, the QDRO is not necessarily the final division of the qualifying party's retirement benefits. Therefore, the general policy that judgments be final does not have the same weight as it relates to QDRO as it does in other

---

[4/]    Paragraph 17 of the QDRO provides that:

The Family Court of the First Circuit shall retain jurisdiction over all of the matters as described in this section so as to ensure the full completion of, and compliance with, the provisions of this agreement, ongoing for so long as the parties both shall live. This shall include retention of personal jurisdiction over both the parties hereto as well as retention of ongoing subject matter jurisdiction over the retirement plans, and both the parties hereto irrevocably consent to the same. This shall specifically include but not be limited to making any amendments to the provisions contained herein which may be required by the administrators of the Retirement Plan(s) described herein as a prerequisite to commencing payment of benefits due Alternate Payee. Any such amended orders shall be deemed to be in the nature of enforcement proceedings as opposed to subsequent property division. The Court shall also have the authority to make every just and equitable order not inconsistent with the other provisions herein, and not inconsistent with any other applicable law.

cases.

The Family Court's determination that it is "just and equitable to allow [Daniel] an opportunity to correct the *Linson* formula for future retirement payments" is not inconsistent with any of the other provisions of the QDRO. In sum, Joye has not met her burden of establishing that the Family Court abused its discretion in amending the Decree, and the language of the Decree does not prohibit the Family Court from doing so. *See Torres*, 100 Hawai'i at 410, 60 P.3d at 811.

(2) Joye contends that the Family Court erred in taking judicial notice of Exhibits CC, EE, FF, and GG to Daniel's May 23, 2007 Post-Decree Motion for Relief. As evidence, Joye points to the fact that the Family Court "took <u>judicial notice</u> of all pleadings previously filed in the case, <u>and their attachments</u>[.]" From that, Joye contends that the court "apparently utilized these documents to arrive at its result."

Joye's argument does not address whether the Court took judicial notice of the truth of the facts asserted in the documents:

> A distinction must be carefully drawn between taking judicial notice of the *existence* of documents in the Court file as opposed to the *truth* of the facts asserted in those documents. . . .
>
> . . . [W]hile a Court may take judicial notice of each document in the Court's file[,] it may only take judicial notice of the truth of facts asserted in documents such as orders, judgments and findings of fact and conclusions of law because of the principles of collateral estoppel, res judicata, and the law of the case.

*State v. Kotis*, 91 Hawai'i 319, 342, 984 P.2d 78, 101 (1999) (quoting *Gottsch v. Bank of Stapleton*, 458 N.W.2d 443, 455-56 (Neb. 1990)). The Family Court here did not purport to take judicial notice of the truth of facts asserted in the documents.

At the hearing, Joye testified that in 2005 she received a copy of Exhibit EE to Daniel's May 23, 2007 Post-Decree Motion for Relief (the June 14, 2005 Letter), forwarded by her attorney, which she said stated that she was entitled to only thirty-eight percent of Daniel's disposable retirement benefits. When Daniel sought to introduce the exhibit into evidence, Joye's counsel objected. The court sustained the objection noting that "[t]he Court will not allow this exhibit to come in because the proper foundation has not been laid. However, the Court will receive [Joye's] testimony that she did get this document." The Family Court subsequently explained that it was not considering the substantive truth of the attachments because the attachments were not entered into evidence.

Joye ignores the Family Court's explanation and contends instead that the court took judicial notice of "highly disputed adjudicative facts[.]" From that, Joye contends, without any explanation, that the court's action "worked a severe prejudice to her interests."

Joye offers no evidence and makes no argument that the Family Court relied upon the contents of the attachments in coming to its decision. Therefore, the Family Court's decision to take judicial notice of the documents was not an abuse of discretion, where the court only took judicial notice of the existence of Exhibits CC, EE, FF, and GG, not the veracity of their contents.

We proceed to address Daniel's points of error:

(3) Daniel contends that the Family Court erred in recognizing an August 2002 agreement between the parties and its

7

terms in favor of Joye while ignoring the same terms in his favor.

Daniel does not contest the court's finding that "[t]here is no dispute that in or about August of 2002 [the parties] entered into an agreement between themselves whereby Joye agreed to pay Daniel's portion of the debt service for the [Property] (i.e. the second mortgage); in return for which, Daniel agreed to relinquish, and convey all of his right, title, and interest in the premises to Joye." Furthermore, Daniel does not contest the finding that "[i]t is further undisputed that pursuant to the agreement, Joye made all of the payments on the second mortgage for approximately 4 years, and 5 months, i.e. from August of 2002 through March 27, 2007 and beyond." Rather, Daniel contends that the agreement was unfair without further amendment (requiring that Joye refinance the Property) and that he was justified in breaching it until and unless Joye agreed to amend it.

Daniel has demonstrated no entitlement to amend the agreement. "Findings of fact that are unchallenged on appeal are the operative facts of a case." *Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co.*, 91 Hawai'i 224, 239, 982 P.2d 853, 868 (1999), superseded by statute on other grounds as recognized in *Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n*, 113 Hawai'i 77, 107, 148 P.3d 1179, 1209 (2006). As such, the Family Court did not abuse its discretion in granting Joye's motion for post-decree relief.

In addition, to the extent that Daniel contends that the Family Court erred in accepting Joye's testimony concerning

the August 2002 agreement over his own, we do not reconcile conflicting testimony. "The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence." *Onaka v. Onaka*, 112 Hawai'i 374, 384, 146 P.3d 89, 99 (2006) (quoting *State v. Mitchell*, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (App. 2000)).

(4) Even if we consider the Family Court's characterization of Daniel's motion as being "in response to" Joye's motion to be a finding of fact by the Family Court, erroneous findings of fact that are "unnecessary to support the decision and judgment of the trial court are not grounds for reversal." *Wright v. Wright*, 1 Haw. App. 581, 584, 623 P.2d 97, 100 (1981).

Therefore, the Family Court's June 22, 2007 Decision Granting in Part and Denying in Part Defendant's Motions for Relief Filed Herein on February 27, 2007 and May 23, 2007, and the November 9, 2007 Order are affirmed.

DATED: Honolulu, Hawai'i, May 31, 2012.

On the briefs:

Joyce J. Uehara and
Brian K. Yomono
for Plaintiff-
Appellant/Appellee

Daniel L. Romero
Pro Se Defendant-
Appellee/Appellant

Chief Judge

Associate Judge

Associate Judge